## 77129. PARKS v. GWINNETT COUNTY et al.
(380 SE2d 77)

POPE, Judge.

Appellant Joe Emory Parks, Jr., brings this appeal arguing that the trial court erred in denying his motion to modify a judgment and court order. This appeal stems from a dispute between Gwinnett County ("the county"), appellant and Lonnie Strickland concerning the status of a roadway that crosses appellant's property. In 1982, in

*Parks v. Gwinnett County*, Civil Action File No. 82A-3330, appellant brought suit against the county to prevent the county from opening the roadway for public use. Immediately before trial, the parties reached a settlement and announced it to the court. The court then entered judgment, dated March 15, 1985, embodying the terms of the settlement. In this judgment, the court ordered appellant to convey certain property to the county, ordered Strickland to convey certain property to appellant, and ordered the county to construct a new road for public use. This judgment was twice amended as a result of negotiations between appellant and the county concerning the particulars of the road to be built. Apparently, neither appellant nor Strickland ever deeded the property as ordered, and the county never started work on the road.

In January 1987, Strickland brought a contempt action against the county to enforce the earlier judgment and to get the county to build the road. Appellant was added as a party defendant by order of the court on December 16, 1987. The court had a hearing on the matter and entered an order dated December 23, 1987 and filed with the clerk on December 28, 1987 transferring title from appellant to the county for the building of the road. The order directed the county to construct the road in accordance with the earlier judgment within 90 days, weather permitting. This order ended the case. The record and order are silent regarding Strickland's duty to convey land to appellant. *Held:*

We are faced with the fact that appellant never appealed the March 15 judgment of the court in the earlier case, nor the order filed December 28, 1987 in the present case. Therefore, this court is precluded from considering any alleged errors in either of those rulings because the time for appeal has passed. OCGA § 5-6-38. The only question properly before us is whether the trial court erred in refusing to modify its rulings. The terms of court at which the rulings were entered had both ended. OCGA § 15-6-3(20) provides that the terms of court for the Superior Court of Gwinnett County are: "First Monday in January, March, May, July and November and second Monday in September." Thus, the term in which the March 15, 1985 judgment was entered ended the last day of April, 1985. The term in which the December 28, 1987 order was entered ended January 3, 1988. "After the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits." (Citation and punctuation omitted.) *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971). The trial court was without power to modify the rulings; thus, the trial court did not err in refusing to modify them.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided March 6, 1989 —
Rehearing denied March 17, 1989 — 

Chamberlain, Hardlicka, White, Johnson & Williams, Richard N. Hubert, for appellant.

George Gibson Dean II, Glyndon C. Pruitt, Walter M. Britt, for appellee.